## JORDAN BEEMAN ET AL *v.* GEORGE ROUSE ET AL.

**Judgments—Disability.**
> Judgments rendered upon the prayer, and by the procurement of femes covert and infants are generally as binding as those rendered on the prayer of persons laboring under no disability.

**Partition of Lands—Subsequent Suit to Set Aside.**
> Where petitioners, under process of law, have land divided, and enter upon and occupy their respective portions in severalty, they cannot be heard to complain by a subsequent redivision, upon the ground of mistaken rights.

APPEAL FROM BOONE CIRCUIT COURT.

April 16, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

Appellants and appellees being the heirs at law of Julius Rouse, after his death joined in a petition to the county court of Boone for a partition of the lands of their father between them.

They set out in their petition the title to the lands sought to be divided with exact particularly, referring to the documentary evidences of title, and prayed for a division of the tract on which decedent lived, into four equal parts, and for a partition of 139 acres, 3 rods and 30 poles, part of the Clore estate, equally be-

tween appellees. Showing very conclusively that the nature of the title to that tract, and its derivation, were well understood by all the parties interested.

Partition was made, and deeds of partition executed precisely in the manner asked for in the petition, and the parties took their respective parts accordingly, and are holding in severalty.

The derivation of title to the 139-acre tract was well understood by all; that fact is admitted; but a mistake as to their legal rights is alleged by appellants, and they seek to set aside the partition and deeds executed in conformity therto, for that tract, on account of that mistake.

The land now sought to be recovered and re-divided by this suit descended to the mother of appellees from her father, except a small portion threof, which was paid for out of money which also descended to her, and which her husband had never reduced into possession. And the conveyance was made to herself and husband jointly by her co-heirs, in ignorance of all the parties as to the legal effect of the conveyance, and under a mistake of her rights under the deed, as is shown by the conduct and repeated declarations of Julius Rouse. He stated, when applied to to sell said land, that it was not his land, but was the property of his last wife's children; declared he did not claim it as his own, and there is some evidence conducing to show that he surrendered it up to these children, and advised them not to sell it, always treating it as their land, and showing that he held it in trust for them.

If the last mistake can, or should be, corrected, it is just as equitable and proper that the first should also be corrected, and then the title is where it would have been if no mistake had ever been committed.

Judgments rendered upon the prayer, and by the procurement of *femes covert,* and infants, are *generally* as binding as those rendered on the prayer of persons laboring under no disability.

Here appellants aided materially at least in having the legal title transferred to those whose equitable claim was strong and imposing, and the chancellor will not lend his aid to deprive appellees or so meritorious a claim.

Wherefore, the judgment is *affirmed.*

*Pryor & Chambers, for appellants.*
*Carlisle & O'Hara, for appellees.*